IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KONIAG, INC., an Alaska corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW AIRWAYS, INC., an Alaska corporation, DEAN T. ANDREW, an individual, and ALICIA L. REFT, individually and as President of the Karluk IRA Tribal Council,<br><br>Defendants. | Case No. 3:13-cv-00051-SLG |

## ORDER RE MOTION TO DISMISS

At Docket 36, Defendant Alicia L. Reft ("Reft") filed a Motion and Memorandum to Dismiss Complaint against Alicia Reft in her Capacity as President of Karluk Tribal Council and Individual Capacity. At Docket 39, Plaintiff Koniag, Inc. ("Koniag") filed its Opposition to Reft's Second Motion to Dismiss and Reft filed a reply at Docket 42. Oral argument was held on January 7, 2014.[1] Thereafter, the parties attempt to settle the dispute for several months but the discussions ultimately appear to have been unsuccessful.[2] For the following reasons, the Court will grant Reft's motion.

---

[1] Docket 46 (Order).

[2] Docket 79; Docket 80 (Status Rpts.).

## BACKGROUND

The relevant facts for purposes of the motion to dismiss, as alleged in Koniag's Complaint, are as follows:

Koniag is an Alaska Native Regional Corporation established pursuant to Section 7 of the Alaska Native Claims Settlement Act of 1971.[3] Koniag merged with the Karluk Native Corporation in 1980 (the "Merger"), pursuant to 43 U.S.C. § 1627.[4] As a result of the Merger, Koniag now owns the land that had previously been patented to the Karluk Native Corporation.[5] Koniag's Complaint alleges that Andrew Airways Inc. and its principal owner and operator, Dean T. Andrew (together, the "Andrew Defendants"), at the direction and license, lease, authorization, or permission of Reft, built a cabin known as Mary's Creek Cabin (the "Cabin") on Koniag's land without Koniag's authorization or consent.[6] Koniag's Complaint also alleges, upon information and belief, that the Andrew Defendants operate the Cabin as a rental property.[7]

The parties in this case, or parties related to them, have been involved in other actions in the recent past, including a lawsuit in the Karluk Tribal Court filed in 2012 by the Native Village of Karluk against Koniag concerning, among other things, the Merger and the rights to the land Koniag owns as a result of the Merger.[8] In an action filed in this

---

[3] Docket 1 at ¶ 4 (Complt.).

[4] Docket 1 at ¶ 18 (Complt.).

[5] Docket 1 at ¶¶ 21-22 (Complt.).

[6] Docket 1 at ¶¶ 1, 29, 33-34 (Complt.).

[7] Docket 1 at ¶ 37 (Complt.).

[8] Docket 1 at ¶ 40 (Complt.)

3:13-cv-00051-SLG, *Koniag, Inc. v. Andrew Airways, Inc., et al.*
Order re Motion to Dismiss
Page 2 of 10

Court by Koniag, also in 2012, the Court held that the Karluk Tribal Court had no basis for exercising jurisdiction over Koniag in that tribal court action.[9]

Koniag brought the present action for intentional trespass, ejectment, and to quiet title in connection with the Cabin.[10] Koniag also seeks a declaratory judgment that (1) any challenge to the Merger is time-barred; (2) the removal of the Cabin will not violate the Native American Graves Protection and Repatriation Act (NAGPRA);[11] (3) the land obtained by Koniag through the Merger may not be adversely possessed; (4) neither Reft nor the Native Village of Karluk, acting through Reft, may disturb Koniag's interest in its land through retrocession from Public Law 280;[12] and (5) neither Reft, nor the Native Village of Karluk, acting through Reft, may exercise governmental or proprietary jurisdiction over Koniag, its land, or the Cabin.[13] On August 5, 2013, Koniag filed a Notice of Voluntary Dismissal of Claims Against Andrew Airways and Dean T. Andrew Without Prejudice and Without Costs.[14]

---

[9] *Koniag, Inc., et al. v. Kanam, et al.*, Case No. 3:12-cv-00077-SLG, Dkt. 31 at 12 (July 3, 2012).

[10] Docket 1 at ¶ 2 (Complt.).

[11] 25 U.S.C. § 3001.

[12] Public Law No. 83-280, codified as 18 U.S.C. § 1162, 28 U.S.C. § 1360, and 25 U.S.C. §§ 1321-1326.

[13] Docket 1 at ¶ 58 (Complt.).

[14] Docket 29 (Notice of Voluntary Dismissal).

3:13-cv-00051-SLG, *Koniag, Inc. v. Andrew Airways, Inc., et al.*
Order re Motion to Dismiss
Page 3 of 10

Reft filed the present motion to dismiss, asserting that the Court lacks subject matter jurisdiction over this action and that she is protected by the doctrine of sovereign immunity.[15]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a party to seek dismissal of a complaint for lack of subject matter jurisdiction. Challenges to subject matter jurisdiction can take two forms, facial or factual. In a facial challenge to subject matter jurisdiction, "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."[16] "Whether subject matter jurisdiction exists therefore does not depend on resolution of a factual dispute."[17] Rather, the allegations in the complaint are "assume[d] . . . to be true and [the court] draw[s] all reasonable inferences in [plaintiff's] favor."[18] In a factual attack, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."[19] Here, Reft maintains that this Court does not have federal question jurisdiction under 28 U.S.C. § 1331 because all of Koniag's allegations invoking federal law are, in fact, solely in

---

[15] Docket 36 (Mot.).

[16] *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).

[17] *Wolfe*, 392 F.3d at 362.

[18] *Id.* at 362 (citing Fed. R. Civ. P. 12(b)(1) and cases); *see also Doe v. Schachter*, 804 F. Supp. 53, 56-57 (N.D. Cal. 1992) ("Where there is a facial attack on the court's subject matter jurisdiction . . . the plaintiff enjoys safeguards akin to those applied when a Rule 12(b)(6) motion is made." (internal citation omitted)).

[19] *Wolfe*, 392 F.3d at 362.

3:13-cv-00051-SLG, *Koniag, Inc. v. Andrew Airways, Inc., et al.*
Order re Motion to Dismiss
Page 4 of 10

anticipation of Reft's defenses to Koniag's state law causes of action.[20] This is a facial attack on the Court's subject matter jurisdiction.

**DISCUSSION**

Federal Rule of Civil Procedure 12(b)(1) provides that a party may seek dismissal of an action based on an assertion that the court lacks subject matter jurisdiction. Reft maintains that this Court does not have subject matter jurisdiction because there is no diversity jurisdiction and no federal question jurisdiction under 28 U.S.C. § 1331.[21]

### I. Koniag's Complaint Does Not Present A Federal Question on its Face

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[22] "Federal jurisdiction cannot be predicated on an actual or anticipated defense."[23] Indeed, it is well-established that an anticipated federal defense is insufficient to create federal question jurisdiction even if both parties agree it is the **only** question truly at issue in the litigation.[24]

Here, Koniag's Complaint anticipates several defenses incorporating federal law, but there is no federal question presented on the face of the Complaint, which, with the

---

[20] Docket 35 at 3 (Mot.).

[21] Docket 35 at 3 (Mot.). Koniag does not dispute the absence of diversity jurisdiction. *See* Docket 39 (Opp.).

[22] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[23] *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

[24] *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

3:13-cv-00051-SLG, *Koniag, Inc. v. Andrew Airways, Inc., et al.*
Order re Motion to Dismiss
Page 5 of 10

exception of Koniag's declaratory judgment cause of action discussed below, presents only state law claims for intentional trespass, ejectment, and to quiet title.

II. **Koniag Cannot Circumvent The Well-Pleaded Complaint Rule by Seeking A Declaratory Judgment**

The Declaratory Judgment Act, 28 U.S.C. § 2201, expanded the scope of relief available in federal courts but did not extend the scope of their jurisdiction.[25] "A declaratory judgment plaintiff may not assert a federal question in his complaint if, but for the declaratory judgment procedure, that question would arise only as a federal defense to a state law claim brought by the declaratory judgment defendant in state court."[26] A court has federal question jurisdiction over a declaratory action when the defendant in such an action could have brought a coercive action that would arise under federal law.[27] Here, Koniag argues that Reft could bring several claims that would have served as predicates for federal jurisdiction, specifically claims under NAGPRA, Public Law 280, and federal Indian common law.

   *a. NAGPRA*

Koniag asserts that it is entitled to a declaratory judgment confirming that "the removal of the Cabin will not violate NAGPRA."[28] In its opposition, Koniag maintains that because Reft could have brought a coercive action in federal court under NAGPRA,

---

[25] *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).

[26] *Janakes v. U.S. Postal Service*, 768 F.2d 1091, 1093 (9th Cir. 1985).

[27] *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, --- U.S. ---, 134 S. Ct. 843, 848 (2014) (Federal courts "ask whether a coercive action brought by the declaratory judgment defendant . . . would necessarily present a federal question.") (internal quotations omitted).

[28] Docket 1 at ¶ 58(b) (Complt.).

3:13-cv-00051-SLG, *Koniag, Inc. v. Andrew Airways, Inc., et al.*
Order re Motion to Dismiss
Page 6 of 10

federal question jurisdiction exists over its declaratory action.  However, it is not apparent what coercive actions Koniag believes Reft could bring under NAGPRA.  Other than Reft seeking relief through a declaratory judgment action herself, which would not be a coercive action,[29] NAGPRA would only arise as a defense to Koniag's state law claims.[30]

### b. Public Law 280

Koniag next argues that Reft could "bring a coercive action in this Court to determine the applicability of Public Law 280."[31]  Public Law 280 addresses the scope of Alaska's jurisdiction over civil and criminal matters in Indian country.[32]  Koniag's Complaint states that the Native Village of Karluk has purportedly "elected to retrocede from Public Law 280 and ha[s] assumed exclusive jurisdiction over the Karluk Lands."[33]  Again, any such hypothetical action that Reft might bring in connection with this "retrocession" would be declaratory, not coercive, in nature and thus fails as a predicate for jurisdiction in federal court.

---

[29] *See Merced Irrigation Dist. v. Cnty of Mariposa*, 941 F. Supp. 2d 1237, 1264 (E.D. Cal. 2013) ("In the declaratory judgment context, whether a federal question exists is determined by reference to a hypothetical **non-declaratory suit** (i.e., a suit for coercive relief) . . . ." (quoting *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 554 (6th Cir. 2012) (emphasis added)).

[30] The Court notes Reft's position that no claim under NAGPRA would or will be brought in connection with the Cabin.  Docket 36 at 6 (Mot.); Docket 42 at 5 (Reply).  However, the Supreme Court has emphasized that the likelihood of the coercive action is not relevant to the analysis.  *See Medtronic, Inc. v. Mirowski Family Ventures, LLC*, --- U.S. ---. 134 S. Ct. 834, 848-49 (2014).

[31] Docket 39 at 11 (Opp.).

[32] *See* David S. Case & David A. Voluck, <u>Alaska Natives and American Laws</u> 406-08 (3d ed. 2012).

[33] Docket 1 at ¶ 42 (Complt.).

3:13-cv-00051-SLG, *Koniag, Inc. v. Andrew Airways, Inc., et al.*
Order re Motion to Dismiss
Page 7 of 10

*c. Federal Indian Common Law*

Finally, Koniag seeks a declaratory judgment that "neither Reft nor the Native Village of Karluk, acting through Reft, may exercise governmental or proprietary jurisdiction over Koniag, [its lands], or the Cabin, because doing so would exceed the Native Village of Karluk's lawful authority under federal common law . . . ."[34] Any claims made by Reft regarding tribal jurisdiction over Koniag would again be either declaratory or defensive in nature and thus cannot serve as a predicate for federal jurisdiction.

### III. ANILCA Does Not Confer Federal Question Jurisdiction By Complete Preemption

The Supreme Court has recognized an "independent corollary to the well-pleaded complaint rule known as the complete pre-emption doctrine."[35] That doctrine posits that there are some federal statutes that have such "extraordinary pre-emptive power" that they "convert[ ] an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."[36] "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."[37]

The Ninth Circuit has explained that:

> Complete preemption is really a jurisdictional rather than a preemption doctrine, as it confers exclusive federal jurisdiction in certain instances where Congress intended the scope of federal law to be so broad as to entirely replace any state law claim. Complete preemption is a limited

---

[34] Docket 1 at ¶ 58(e) (Complt.).

[35] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

[36] *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 65 (1987).

[37] *Caterpillar,* 482 U.S. at 393.

3:13-cv-00051-SLG*, Koniag, Inc. v. Andrew Airways, Inc., et al.*
Order re Motion to Dismiss
Page 8 of 10

doctrine that applies only where a federal statutory scheme is so comprehensive that it entirely supplants state law causes of action.[38]

The Ninth Circuit has also made clear that the complete preemption doctrine "applies in select cases where the preemptive force of federal law is so extraordinary that it converts state common law claims into claims arising under federal law for purposes of jurisdiction."[39]

Here, Koniag argues that if Reft brought an adverse possession action, it would be barred by the Alaska National Interest Lands Conservation Act (ANILCA), which exempts ANILCA lands from adverse possession claims.[40] Koniag asserts that this Court therefore has jurisdiction over its claims under the complete preemption doctrine. ANILCA, however, would be raised in connection with **Koniag's** response to Reft's hypothetical action for adverse possession. This posture is distinct from the decision in *Oneida Indian Nation of New York State v. Oneida County*, relied on heavily by Koniag.[41] In *Oneida*,

---

[38] *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013) (internal quotation marks and citations omitted).

[39] *K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 1098 (2012).

[40] 43 U.S.C. § 1636(d) provides in pertinent part that:

> [A]ll land and interests in land in Alaska conveyed by the Federal Government pursuant to the Alaska Native Claims Settlement Act . . . to a Native individual or Native Corporation or subsequently reconveyed by a Native Corporation pursuant to section 39 of that Act . . . to a Settlement Trust or conveyed to a Native Corporation pursuant to an exchange authorized by section 22(f) of the Alaska Native Claims Settlement Act [43 U.S.C. 1621(f)] or section 3192(h) of title 16 or other applicable law shall be exempt, so long as such land and interests are not developed or leased or sold to third parties from . . . adverse possession and similar claims based upon estoppel.

[41] 414 U.S. 661 (1974).

3:13-cv-00051-SLG, *Koniag, Inc. v. Andrew Airways, Inc., et al.*
Order re Motion to Dismiss
Page 9 of 10

the Oneida Indian Nation of New York State and the Oneida Indian Nation of Wisconsin brought an action asserting their right to possession of certain lands based on centuries-old treaties between the United States and the Oneidas. The Oneidas sought damages representing the fair rental value of the land.[42] The Supreme Court found that the "threshold allegation [the Oneidas' possession of the land] . . . was plainly enough alleged to be based on federal law. The federal law issue, therefore, did not arise solely in anticipation of a defense."[43]

Here, Koniag asserts that ANILCA would be raised in the context of its answer to Reft's hypothetical adverse possession claim. Reft's adverse possession claim, however, would arise under state law.[44] The federal law implications that may arise in this hypothetical cause of action are too attenuated to find federal question jurisdiction here based on a complete preemption theory.[45]

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Defendant Alicia Reft's Motion to Dismiss at Docket 36 is **GRANTED.**

DATED this 30th day of September 2014

/s/ Sharon L. Gleason
United States District Judge

---

[42] 414 U.S. at 663-65.

[43] 414 U.S. 661, 668 (1974). See also David S. Case & David A. Voluck, Alaska Natives and American Laws 59 n.31 (3d ed. 2012).

[44] While 43 U.S.C. § 1636(g) may limit the scope of state court jurisdiction, it does not indicate a congressional intent to completely preempt state court jurisdiction over all ANILCA land disputes.

[45] Because the Court is dismissing Koniag's claims against Reft for lack of subject matter jurisdiction, the Court will not reach Reft's arguments concerning sovereign immunity. See Docket 36 at 7-9 (Mot.).

3:13-cv-00051-SLG, Koniag, Inc. v. Andrew Airways, Inc., et al.
Order re Motion to Dismiss
Page 10 of 10